IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: ROBERT EARL FIFER, ) | |
| ) | Civil Action No. 7:15-cv-00163 |
| Debtor/Appellant. ) | |
| ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |

**MEMORANDUM OPINION**

**I. BACKGROUND**

By order entered January 2, 2015, United States Bankruptcy Judge Paul M. Black dismissed the Chapter 7 bankruptcy case filed by *pro se* debtor Robert Earl Fifer. (*See* Dkt. No. 1-2.) Judge Black ruled that the case was subject to dismissal in its entirety because of Fifer's failure to comply with the deficiency orders entered by the bankruptcy court. Judge Black's order also prohibited Fifer "from filing a new petition in this Court under any Chapter for a period of 180 days from the date of this Order" and directed that any new petition filed by him be "conditioned upon the payment of all outstanding filing fees owed to this Court as of the date of the filing of any new petition." (Dkt. No. 1-2, Order Dismissing Case at 1.) *See also* Fed. R. Bankr. P. 1017(a)–(b) (allowing dismissal of a case for want of prosecution, for failure to pay the filing fee, or for other cause, after a hearing on notice).

On April 6, 2015, the bankruptcy clerk received Fifer's *pro se* notice of appeal, in which Fifer objects to the restriction on his ability to file additional bankruptcy petitions for 180 days. The notice of appeal references a number of personal difficulties, including mental and physical problems, that he says have contributed to his failures to prosecute

properly his bankruptcy case.  He also requests the appointment of an attorney to assist him.  (*See* Dkt. No. 1-1.)

After the notice of appeal was filed, a briefing order (and then an amended briefing order) were issued in this case, requiring Fifer to file a brief not later than June 1, 2015.  He has failed to do so.  He also has failed to pay the appellate filing fee, despite being notified of his deficiency by the clerk of the bankruptcy court.

Below, the court first addresses whether Fifer's notice of appeal was timely, so as to confer jurisdiction on this court, and concludes that the court has jurisdiction.  The court also directs Fifer to show cause as to why this appeal should not be dismissed as a result of his failure to file his brief or pay the appellate filing fee.  The court further advises him that if he fails to remedy these deficiencies within seven days, his appeal is likely to be dismissed.

## II.  DISCUSSION

A.  **Timeliness of Appeal**

This court has an obligation to ensure that it has jurisdiction over this case and may raise the issue sua sponte.  *See Quinn v. Haynes*, 234 F.3d 837, 842–43 (4th Cir. 2000) (sua sponte considering whether the court lacks jurisdiction due to the appellant's failure to file a timely notice of appeal); *In re Stagecoach Utils., Inc.*, 86 B.R. 229, 230 (9th Cir. 1988) (noting, in a bankruptcy case, that "[a] timely notice of appeal is jurisdictional and the court may consider the timeliness of the appeal sua sponte").

In general, district courts have jurisdiction over direct appeals from bankruptcy courts.  28 U.S.C. § 158(a).  A prerequisite to jurisdiction, however, is the timely filing of a notice of appeal.  *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986)

(concluding that the district court lacked jurisdiction to adjudicate one party's rights, where the party did not file a timely notice of appeal); *Lowe's of Va., Inc. v. Thomas*, 60 B.R. 418, 420 (W.D. Va. 1986) ("The timely filing of a notice of appeal is a prerequisite to this court's jurisdiction to review a final judgment or order of the bankruptcy court.").

Pursuant to Bankruptcy Rule 8002, a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002. In this case, the order dismissing Fifer's case was filed on January 2, 2015, and Fifer did not file his notice of appeal until April 6, 2015. Accordingly, his appeal did not fall within the standard 14-day window.

Rule 8002 provides for an extended time for appealing under two types of limited circumstances, only the first of which need be discussed here.[1] Specifically, if a party timely files in the bankruptcy court any of four types of motions, then the time for an appeal runs from the entry disposing of the last such remaining motion. Fed. R. Bankr. P. 8002(b). The four types are: (1) motions to amend or make additional findings under Rule 7052; (2) motions to alter or amend the judgment under Rule 9023; (3) motions for a new trial under Rule 9023; or (4) motions for relief under Rule 9024. *Id.*

In this case, Fifer filed two letters after the January 2, 2015 order of dismissal, both of which the bankruptcy court treated as motions for reconsideration and denied.[2]

---

[1] The second circumstance in which the time for appealing may be extended is upon a timely motion by the appellant. Fed. R. Bankr. P. 8002(d) (allowing the bankruptcy judge to extend the time for filing the notice of appeal where a party files a motion either prior to the time for appealing or "within 21 days after that time, if the party shows excusable neglect"). Within the 21-day window, Fifer filed a motion with the bankruptcy court requesting an extension of time to appeal. The bankruptcy court has not ruled on that motion, apparently concluding (as this court does) that Fifer's notice of appeal was timely.

[2] The first letter, dated January 5, 2015, and received by the clerk on January 7, 2015, asked the bankruptcy court to "reconsider the verdict on [his] chapter 7 bankruptcy case," explained difficulties with receiving or completing paperwork, and identified four witnesses who would verify Fifer's efforts to do what was required of him. *See In Re Fifer*, No. 14-71694 (Bankr. W.D. Va.), Dkt. No. 19. In response to

3

Fifer did not reference any particular rule in either of his letters.  Nonetheless, assuming both of the motions Fifer filed were proper and timely motions falling within one of the four categories of motions that could extend his time for appealing under Rule 8002(b),[3] then the appeal period began to run—at the latest—on March 20, 2015, when the bankruptcy court resolved his last motion to reconsider.  At the latest, then, Fifer had 14 days from March 20, 2015, to appeal, or until Friday, April 3, 2015.[4]  Fifer's notice of appeal was not received by the clerk of the bankruptcy court until Monday, April 6, 2015.

The notice of appeal, however, was dated April 3, 2015, and it appears to have been mailed.  These facts are important because the Fourth Circuit has adopted the so-called mailbox rule for filing a notice of appeal from the bankruptcy court to the district court, and deems a notice of appeal filed at the moment it is placed in the mail addressed to the clerk of court.  *In re Pigge*, 359 F.2d 369, 371 (4th Cir. 1976); *In re Parker*, Case No. 3:14cv241, 2014 WL 4809844, at * 2 (E.D. Va. Sept. 26, 2014); *Chien v.*

---

this first letter, the bankruptcy court held a hearing on February 18, 2015, and subsequently entered an order requiring Fifer to timely and completely file specific missing documents on or before March 4, 2015. *In Re Fifer*, No. 14-71694 (Bankr. W.D. Va.), Dkt. No. 30 (Feb. 18, 2015 Order).  The same order expressly warned that if Fifer failed to timely file the required documents by March 4, 2015, or filed incomplete or unresponsive documents, then his case would "not be reinstated and the case [would] be closed." *Id.* at 2.
      According to the bankruptcy court, Fifer filed certain documents before the March 4, 2015 deadline, but did not file all of the required schedules and statements and thus the bankruptcy court refused to reinstate his case and the case remained closed.  *In Re Fifer*, No. 14-71694 (Bankr. W.D. Va.), Dkt. No. 39 (Mar. 10, 2015 Order).  In response to the March 10, 2015 order, Fifer filed another letter with the court, dated March 13, 2015, and entered on March 17, 2015.  *In Re Fifer*, No. 14-71694 (W.D. Va. Bankr.), Dkt. No. 41.  Again, the court treated his letter as a motion to reconsider, but denied that motion, as well.  *In Re Fifer*, No. 14-71694 (Bankr. W.D. Va.), Dkt. No. 30 (Mar. 20, 2015 Order).  Fifer's notice of appeal followed.

[3]  For example, they could have been considered a motion under Rules 9023 or 9024, which are substantially similar to Federal Rules of Civil Procedure 59 and 60, respectively.

[4]  The 14-day period includes every day after the one triggering the period, including intermediate Saturdays, Sundays, and legal holidays.  Fed. R. Bank. P. 9006(a).  April 3, 2015, was a Friday and not a legal holiday.

4

*Commonwealth Biotechs., Inc.*, 484 B.R. 659, 663 (E.D. Va. 2012); *In re Wells*, Case No. 1:07-cv-48, 2007 WL 1892307, at *1 (W.D. Va. July 2, 2007).[5]

It is unclear on the present record precisely when the notice of appeal here was mailed, in part because the bankruptcy clerk does not typically save or docket envelopes, and because the notice itself does not contain any indication of when it was mailed. Nonetheless, given that the notice was received in Roanoke on Monday, April 6, 2015, and presumably sent from near Fifer's home in Wytheville, Virginia, the court concludes that it is very likely that it was mailed on Friday, April 3, and was timely filed. *See Parker*, 2014 WL 4809844, at *3 ("reasonable to assume" that the notice was mailed either one or two business days before it was received); *Chien*, 484 B.R. at 663-664 (treating a notice of appeal as being mailed on or before the Friday it was due where there was nothing in the record to contradict the appellant's representation that he timely mailed it, and where it was "entirely plausible" that a letter received on Monday in Richmond, Virginia, would have been sent from Connecticut on or before Friday). Because his notice of appeal was timely filed as to one (and possibly more) of the orders of the bankruptcy court, this court has jurisdiction over Fifer's appeal.

**B.    Order to Show Cause for Failure to Prosecute**

The court turns next to whether this case is subject to dismissal because of Fifer's failure to prosecute it. Continuing his pattern of missing deadlines and failing to comply

---

[5] Application of the mailbox rule in this circumstance appears to have been rejected by every other circuit to have considered the issue. *See In re Wells*, 2007 WL 1892037, at *1 (W.D. Va. July 2, 2007) (collecting authority). It also is in some tension with Bankruptcy Rule 8002(e), which governs the filing of an appeal from bankruptcy to district court and has a specific provision applying the mailbox rule to prisoners, but does not expressly apply that rule other than to prisoners. Nonetheless, the rule is required in the Fourth Circuit and thus this court applies it. *See, e.g.*, *In re Parker*, 2014 WL 4809844, at * 2 (E.D. Va. Sept. 26, 2014) (concluding that *In re Pigge* was controlling because it had not been overruled and "the mailbox rule is not inconsistent with the Rules of Bankruptcy Procedure"); *Chien*, 484 B.R. at 663 (the Fourth Circuit's adoption of the *Pigge* rule, while it "represents a distinctly minority position . . . is, of course, controlling").

with other directives and rules of court, Fifer has failed to file the appellate filing fee in this case and has also failed to timely file his brief, which was due on June 1, 2015. (*See* Dkt. No. 4.) The bankruptcy rules expressly provide that, if the appellant fails to file a brief on time, the district court may dismiss the appeal on its own motion, after giving notice. Fed. R. Bankr. P. 8018(a)(4).

Likewise, a filing fee is required to accompany a notice of appeal. Fed. R. Bankr. P. 8003(a)(3)(C). Fifer has not paid the filing fee and has been advised of that failure. Significantly, moreover, in his motion seeking an extension of time to appeal (which really appears to be an extension of time to pay the filing fee and to file "appropriate paperwork"), Fifer acknowledges that he owes the filing fee and states he will have the money for the appeal not later than April 27, 2015. More than a month from that date has passed, however, and he still has not paid the filing fee or filed any additional paperwork. While the failure to pay the filing fee does not "affect the validity of the appeal, [it is ground] for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

In light of this background, the court will order Fifer to show cause as to why his appeal should not be dismissed because of his failure to pay the filing fee or to file his brief. Furthermore, not later than 7 days after the entry of this opinion and accompanying order, Fifer must pay the filing fee and file his brief. If he fails to comply with these directives, his case likely will be dismissed.

An appropriate order will be entered this day.

Entered: June 4, 2015.

*Elizabeth K. Dillon*
United States District Judge