IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: ROBERT EARL FIFER, | ) | |
| | ) | Civil Action No. 7:15-cv-00163 |
| Debtor/Appellant. | ) | |
| | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |

**MEMORANDUM OPINION**

This case was appealed to this court after United States Bankruptcy Judge Paul M. Black dismissed the appellant's Chapter 7 bankruptcy case, with a restriction that Fifer could not file another bankruptcy case for 180 days. (Dkt. No. 1-2.) As noted in a prior memorandum of this court, Judge Black dismissed the case because of Fifer's failures to comply with the deficiency orders entered by the bankruptcy court, and Judge Black subsequently denied two motions for reconsideration challenging the dismissal. (*See* Dkt. No. 5 at 2–5 & n.2 (setting forth pertinent background).) The bankruptcy court gave Fifer several opportunities and extensions of time to file required documents, but he failed to do so. (*See id.*)

Although Fifer filed a notice of appeal, he did not pay the appellate filing fee, nor did he file a brief as directed by the briefing order (Dkt. No. 4). By memorandum opinion and order entered June 4, 2015, this court advised Fifer that he had failed to comply with these requirements and that if he did not do so within seven days, his appeal likely would be dismissed. (*Id.* at 6; Dkt. No. 6.) The deadline for his compliance has passed, and Fifer has not paid his filing fee, nor has he filed a response to the show cause order or a brief.

In light of this background, the court must determine whether to dismiss Fifer's bankruptcy appeal as permitted under Rule 8003(a)(2).[1] *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). That rule directs that where an appellant fails to take steps to prosecute his appeal, the district court may "act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

As the Fourth Circuit has summarized:

> In applying Rule [8003(a)], the district court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *SPR Corp.*, 45 F.3d at 74.

*Lawson v. Tice*, 115 F. App'x 611, 612 (4th Cir. 2004); *see also* Fed. R. Bank. P. 8018(a)(4) (allowing a district court to dismiss an appeal on its own motion, after giving notice, where an appellant fails to file his brief on time).

Turning to the required *Serra Builders* factors, Fifer has exhibited negligence—at a minimum—in the prosecution of this appeal, and has not filed anything at all in response to the court's show-cause order, which gave him notice and the opportunity to explain his delay. There are no other parties to this appeal, so that factor does not weigh heavily for or against dismissal. Finally, the court does not believe that there is another appropriate alternative to dismissal because Fifer has repeatedly failed to comply with

---

[1] While much of the case law on this issue refers to Rule 8001(a) regarding dismissal, the bankruptcy rules were revised in 2014, and Rule 8003(a) "incorporates, with stylistic changes, much of the content of former Rule 8001(a)." Fed. R. Bankr. P. 8003, advisory committee's note.

deadlines, even when directly ordered to do so. Having considered all the *Serra Builders* factors, the court concludes that dismissal is an appropriate sanction, both for Fifer's failure to pay the filing fee and for his failure to file his brief. *See, e.g.*, Fed. R. Bank. P. 8018(a)(4) (after notice, district court may dismiss for failure to file brief on time); *Rahmi v. Sheehan*, No. 3:14-CV-134, 2015 WL 845585 (N.D. W. Va. Feb. 25, 2015) (dismissing bankruptcy appeal where filing fee was not paid); *In re Boss Mgmt. Group, Inc.*, Civil No. 6:07mc00002, 2007 WL 1959172, at *2 (W.D. Va. July 3, 2007) (collecting authority dismissing bankruptcy appeals for failure to pay the required filing fee). Thus, the court will dismiss Fifer's appeal.

The court further notes that, if it were to reach the merits of Fifer's appeal, the record before the court would require it to affirm the bankruptcy court. Both the order dismissing the bankruptcy case for failure to comply with court orders and the denial of Fifer's motions to reconsider would be reviewed for abuse of discretion.[2] *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 198) (as to dismissal); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (as to motions to reconsider). But there was no abuse of discretion here.

Similar to the facts in *Lawson*, where the Fourth Circuit concluded there was no abuse of discretion, the bankruptcy court here "issued a show cause order, held a hearing, and allowed [Fifer] additional time." *Lawson*, 115 F. App'x at 612. The bankruptcy court also "detailed the requirements [Fifer] had to fulfill to avoid dismissal," but Fifer nonetheless failed to satisfy those requirements. *See id.* In short, the bankruptcy court gave Fifer repeated opportunities to take the steps he needed to prosecute his case and Fifer repeatedly failed to do so. In light of Fifer's failures, the court would conclude that

---

[2] As noted in the court's prior opinion, the appeal is timely at least as to the order denying Fifer's final motion to reconsider, if not as to the order of dismissal. (*See* Dkt. No. 5.)

3

Case 7:15-cv-00163-EKD   Document 7   Filed 06/16/15   Page 3 of 4   Pageid#: 53

the bankruptcy court did not abuse its discretion in dismissing Fifer's case or in denying his motions for reconsideration. Likewise, although Fifer has challenged in his filings the restriction that he is not permitted to file another bankruptcy case for 180 days, such a restriction is expressly permitted by statute. *See* 11 U.S.C. § 109(g)(1) ("[N]o individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . ."). In sum, if the court were to reach the merits, it would conclude that the bankruptcy court acted well within its discretion in dismissing Fifer's case and in denying his motions for reconsideration.

For all of these reasons, the court will dismiss this case. An appropriate order will be entered.

Entered: June 16, 2015.

*Elizabeth K. Dillon*
United States District Judge